CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 APR -6  PM 4: 17

DEPUTY CLERK _____

# FACTUAL RESUME

UNITED STATES OF AMERICA

v.

MARK ALAN JOHNSON
2:08-CR-049-J (2)

---

Defendant is pleading guilty to Count 52 of the second superseding indictment. Remaining Counts to be dismissed at sentencing.

**SUPERSEDING INDICTMENT:** Count 52: 18 U.S.C. § 371 - Conspiracy to Promote, Manage, Establish, and Carry on and Facilitate Unlawful Activity

**MAXIMUM PENALTY:** Imprisonment for a period of up to 5 years; a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s); a term of supervised release of up to 3 years, which must follow any term of imprisonment. If the defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release and be subject to additional supervised release.

The defendant may also be required to make restitution to victims or to the community, which may be mandatory under the law, and which defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone, and pay costs of incarceration and supervision.

**ASSESSMENT:** Pursuant to 18 U.S.C. § 3013(a), a mandatory assessment of $100.00 will be made.

**ELEMENTS:** 18 U.S.C. § 371 - Conspiracy
*First*: That you, Mark Alan Johnson, made an agreement to commit the crime of Use of a Facility in Interstate and Foreign Commerce, in violation of 18 U.S.C. § 1952;
*Second*: That you knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful

purpose; and
*Third*: That you, or one of your coconspirators, committed at least one of the overt acts described in the second superseding indictment, in order to accomplish some object or purpose of the conspiracy.

18 U.S.C. § 1952 - Use of a Facility in Interstate and Foreign Commerce (the object of the conspiracy)
*First*: That you used a facility in interstate or foreign commerce and
*Second*: That you did so with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment, and carrying on of unlawful activities, that is, Coercion and Enticement, in violation of 18 U.S.C. § 2422(a).

FACTS:   I.S.M. Enterprises (ISM) was a Nevada corporation with a business address of 4415 S. Georgia Street, Suite 207, Amarillo, Texas. John Allen Johnson, Jr., was the President of ISM and Mark Alan Johnson was Secretary/Treasurer.

MAJ Entertainment (MAJ ENT) was a business owned by Mark Alan Johnson with a business address of 1010 Florida, Amarillo, Texas.

JAJENT was a business owned by John Allen Johnson, Jr., with a business address of 3729 NW 18th St., Oklahoma City, Oklahoma.

"Blond Sweat," "Dandy Candy Girls," "Flat Rate Babes," "A Foreign Delight," "Lipsicle," "Rich Man's Mistress," and "Strawberry Delight" were escort services advertised on a web site owned by MAJ ENT.

"A Foreign Delight," "Dandy Candy," and "Lipsicle" were escort services advertised in the SBC, Amarillo, Texas, phone book, which had phone numbers subscribed to by MAJ ENT.

"Blonde Sweat," "Priceless Pleasure," "Rich Man's Mistress," and "Strawberry Delight" were escort services advertised in the SBC, Amarillo, Texas, phone book. The numbers for these services were subscribed to by ISM.

M:PLEA-V/JOHNSON.M.371.FR.WPD

NTS Communications was a phone service utilized by ISM to provide service for six business phone lines and 17 toll-free phone lines at the address of 4415 S. Georgia, Suite 207, Amarillo, Texas, and one business line and three toll-free lines located at 1010 N. Florida, Amarillo, Texas. NTS Communications was utilized by MAJ ENT to provide service for four business lines and 15 toll-free phone lines at the address of 1010 N. Florida.

Woodforest National Bank (WNB) was a financial institution insured by the Federal Deposit Insurance Corporation (FDIC) which was utilized by ISM to process credit card receipts received as payment for sexual services performed by ISM employees.

First Data Merchant Services was a credit card processor company which was utilized by Mark Alan Johnson, using the name of Mark Alexander Johnson, d/b/a MAJ ENT, and John Johnson, d/b/a JAJENT to process credit card receipts received as payment for sexual services performed by MAJ ENT and JAJENT employees.

Bank of America, Consumer Credit Card Division, was a financial institution insured by the FDIC which was utilized to process credit card receipts received as payment for sexual services performed by ISM and MAJ ENT employees.

Citibank was a financial institution insured by the FDIC which was utilized to process credit card receipts received as payment for sexual services performed by ISM and JAJENT employees.

J. P. Morgan Chase was a financial institution insured by the FDIC which was utilized to process credit card receipts received as payment for sexual services performed by ISM and MAJ ENT employees.

Bank of America (BOA), Amarillo, Texas, and Wells Fargo National Bank (WFNB), Amarillo, Texas, were financial institutions insured by the FDIC and utilized by John Allen Johnson, Jr., Mark Alan Johnson, and Phetphayvong Phimmasone to deposit prostitution proceeds earned by employees of ISM, MAJ ENT, and JAJENT. Expenses related to the ongoing prostitution activity were paid from the accounts held at these institutions belonging to ISM, MAJ ENT,

and JAJENT.

From on or about October 2, 2004, to on or about November 6, 2005, in the Amarillo Division of the Northern District of Texas, and elsewhere, the defendants, John Allen Johnson, Jr., and Mark Alan Johnson, did knowingly combine, conspire, confederate, and agree with each other and with other persons known and unknown to the Grand Jury to commit the following offenses in violation of the laws of the United States, in violation of 18 U.S.C. § 1952(a) and (b), that is, use of a facility in interstate and foreign commerce, namely, a wire in the form of an electronic transfer from a credit card merchant account to a personal or business checking account, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activities, that is, Coercion and Enticement, in violation of 18 U.S.C. § 2422(a).

It was a part of the conspiracy that John Allen Johnson, Jr., and Mark Alan Johnson supervised, managed, and controlled an interstate and intrastate prostitution enterprise under the guise of numerous escort service businesses.

It was part of the conspiracy that John Allen Johnson, Jr., and Mark Alan Johnson would advertise numerous escort services in the yellow pages of phone books and on the internet, listing toll-free numbers for customers to call.

It was part of the conspiracy that the toll-free numbers for the escort services would ring at one of two locations in Amarillo, Texas, a residence at 1010 N. Florida, controlled by Valery Lee Johnson, and a business at 4415 S. Georgia, Suite 207, controlled by Phetphayvong Phimmasone.

It was part of the conspiracy that Valery Lee Johnson and Phetphayvong Phimmasone, under the direction of Mark Alan Johnson, would answer the incoming calls and dispatch a prostitute to the location requested by the customer.

It was part of the conspiracy that prostitutes working for ISM, JAJENT, and MAJ ENT, under the direction of John Allen Johnson, Jr., and Mark Alan Johnson, would sometimes travel from the Northern District of Texas to other states in the United States of America to engage in prostitution.

It was part of the conspiracy that prostitutes working for ISM, JAJENT, and MAJ ENT, under the direction of John Allen Johnson, Jr., and Mark Alan Johnson, would travel from Oklahoma to Amarillo, Texas, to engage in prostitution.

It was part of the conspiracy that the prostitutes were paid by the customers by cash or credit card.

It was part of the conspiracy that these bank card credits and cash would be deposited into bank accounts in Amarillo, Texas, under the control of John Allen Johnson, Jr., and Mark Alan Johnson.

It was part of the conspiracy that the prostitutes received a portion of the fees they collected.

It was part of the conspiracy that JAJENT and MAJ ENT would use the prostitution proceeds/deposits to pay debts associated with the day to day expenses of the prostitution enterprise, ISM.

The credit card transactions were processed by an interstate facility, specifically, a wire which transferred credit and charges from the site of the prostitution service to Mark Alan Johnson's merchant bank account. Periodically, the merchant bank would use an interstate facility, specifically a wire, to transfer the proceeds in the merchant account, which were proceeds of the offenses of Prostitution and Coercion and Enticement, into Mark Alan Johnson's bank account in Amarillo, Texas. Mark Alan Johnson would then utilize those funds to pay the day to day expenses generated by the crimes of Coercion and Enticement, 18 U.S.C. § 2422(a). Payment of these expenses constituted acts to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of the unlawful activities of Coercion and Enticement, in violation of 18 U.S.C. § 2422(a).

The defendant admits that he conspired with John Allen Johnson, Jr. to commit the crime of using a facility in interstate and foreign commerce to promote, manage, establish, or carry on the unlawful activities of Coercion and Enticement, in violation of 18 U.S.C. § 2422(a); that he knew of the unlawful purpose of the agreement and he joined in it willfully and with the intent to further the unlawful purpose; and that he committed an overt act to promote, manage, establish, or carry on the unlawful activity. Specifically, on March 10, 2005, Mark Alan Johnson caused a wire transfer in the amount of $5,112.78 to be made from his ISM/MAJ ENT merchant account to his business checking account at Bank of America in Amarillo, Texas.

STATUS:       In custody.

I, Mark Alan Johnson, defendant in the above case, hereby state that the facts set forth herein are true and correct.

Dated: April 2, 2010

_____
MARK ALAN JOHNSON
Defendant

Witnessed By:

_____
BONITA GUNDEN
Attorney for Defendant